UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MELISSA BYRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CV-206 |
| | ) | (VARLAN/GUYTON) |
| METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Melissa Byrd ("Ms. Byrd") and defendant Metropolitan Life Insurance Company ("MetLife") appeared before the undersigned on March 18, 2008, for a telephone conference concerning a discovery dispute over Ms. Byrd's request that MetLife produce certain documents. At the conclusion of the telephone conference, the Court, with the agreement of the parties, provided them with the opportunity to file authority supporting their respective positions on or before March 28, 2008. [See Doc. 20]. On March 28, 2008, plaintiff filed a Motion to Compel Filing of the Complete ERISA Record [Doc. 22] and a memorandum in support [Doc. 23]. Defendant also filed a Brief in Support of its Position Regarding the Inclusion on MetLife's Claims Management Guidelines in the Administrative Record [Doc. 24]. On April 1, 2008, the Honorable Thomas A. Varlan, United States District Judge, entered an Order [Doc. 26] for disposition of plaintiff's Motion to Compel. Accordingly, this matter is ripe for adjudication.

This case is related to a long-term disability claim determination of MetLife, claim administrator for the Long Term Disability Plan for Employees of UT-Battelle, LLC, a self-funded employee welfare benefit plan governed by ERISA. In the matter currently before the Court, Ms.

Byrd contends that the administrative record is incomplete because it does not contain a copy of MetLife's Claims Management Guidelines ("guidelines"), portions of the guidelines, or any other policy statements of guidance used to determine her eligibility for benefits. Ms. Byrd contends that the guidelines are documents to which the ERISA regulations establish claimants are entitled to, and thus, should be included in the filed administrative record. Ms. Byrd relies on the regulations at 29 C.F.R. § 2560.503, which define the relevant documents that must be provided to a claimant. As requested by the Court, Ms. Byrd included the following case law supporting her position in her pleadings: Levy v. Ins. Life Ins. Co. of New York, 2006 WL 3316849 (S.D.N.Y. Nov. 14, 2006) (finding internal claims guidelines should be produced without a protective order); Doty v. Robert Bosch Corp. Long Term Disability Plan, 1:06-cv-225 (W.D. Mich. July 25, 2006) (ordering defendant to supplement the administrative record with the "Best Practices Manual" and any standards, rules, and guidelines for evaluating disability claims or to show cause why the evidence does not require inclusion); Palmiotti v. Metropolitan Life Ins. Co., 2006 WL 510387 (S.D.N.Y. Mar. 1, 2006) (requiring MetLife to produce its "Best Practices Manual", the predecessor to the current Claims Management Guidelines); Cohen v. Metropolitan Life Ins. Co., 2003 WL 1563349 (S.D.N.Y. Mar. 26, 2003) (requiring MetLife to produce its "Best Practices Manual" subject to a protective order providing that the documents shall be used solely for purposes of litigation).

MetLife, in response, argues Ms. Byrd made no request for such documents prior to exhausting her administrative remedies, and further, that she cannot demonstrate that any part of the claims file reflects consideration of such documents by the Plan Administrator. MetLife also argues that the regulations relied on by Ms. Byrd do not make the guidelines generally discoverable. Finally, MetLife argues that to the extent the Court is inclined to allow discovery, an appropriate

protective order should be issued as the guidelines are confidential business information. Per the Court's instruction, MetLife included the following supporting case law in its brief, including case law from the Eastern District of Tennessee: <u>Bradford v. Metropolitan Life Ins. Co.</u>, No. 3:05-cv-240 (E.D. Tenn. Apr. 18, 2006) (J. Varlan) (holding ERISA regulations do not require production of the entire Claims Management Guidelines, but only "the guidelines that were actually consulted and used in connection with adjudicating plaintiff's claims."); <u>Platt v. Walgreen Income Protection Plan for Store Managers and Metropolitan Life Ins. Co.</u>, No. 3:05-cv-162 (M.D. Tenn. Aug. 26, 2005) (M.J. Brown) (denying plaintiff's request for the entire MetLife Internal Claims Procedure and Claims Manual; directing defendants to produce the portion consulted by the deciding officials, which if applicable, may be filed under seal. "If no official consulted the Internal Claims Procedure or Claims Manual, then counsel should so certify.").

MetLife also included in its pleadings a declaration of Timothy Suter, a Litigation Specialist employed by MetLife [Doc. 25-2]. Mr. Suter states that it is in the ordinary course of business for MetLife to maintain a confidential and proprietary Claim Management Guidelines database that may be referenced by MetLife's claims personnel when adjudicating claims for disability benefits. The guidelines are voluminous and stored in a secure and internal electronic database that is not accessible without proper clearance [<u>Id.</u> at ¶ 3]. Mr. Suter states that substantial efforts have been made by MetLife to ensure that the guidelines are not available to the public, MetLife's customers, or its competitors [<u>Id.</u> at ¶ 4]. The guidelines represent confidential information belonging to and developed by MetLife over the course of many years [<u>Id.</u>]. Finally, Mr. Suter states that based on his review of the administrative record in this case and discussions with individuals that decided this

claim, the guidelines were not used to adjudicate Ms. Byrd's claim for long-term disability benefits [Id. at ¶ 5].

The Court has carefully reviewed the parties' pleadings and the authorities cited therein. The Court is in agreement with MetLife that the Bradford decision guides its analysis. In Bradford, Judge Varlan adopted the reasoning of the Platt decision and found "the ERISA regulations do not require production of the entire Claims Management Guidelines, but only 'the guidelines that were actually consulted and used in connection with adjudicating the plaintiff's claims.'" Bradford, No. 3:05-cv-240 at 2. Judge Varlan further found that "plaintiff has presented no evidence that the guidelines were 'relied upon' or 'submitted, considered, or generated' in reviewing plaintiff's claims for benefits." Id. (citing 29 C.F.R. § 2560.503-1(m)(8)). Finally, Judge Varlan declined to follow the Palmiotti decision for several reasons:

> First, Palmiotti, is an opinion from a Magistrate Judge in the Southern District of New York and is therefore not binding on this Court. Additionally, the defendant in Palmiotti had already disclosed the claims manual to plaintiff's counsel pending a resolution of the confidentially issue. ... [t]hus, the Palmiotti, court was not faced with the issue of whether such documents should be disclosed, but whether the documents should be subject to a protective order ... the Court believes the Palmiotti decision is contrary to authorities in this Circuit which have not required broad disclosure of third-party administrators' internal processes and procedures.

Id. at 3 (citations omitted).

In the present case, the Court finds Ms. Byrd has presented no evidence that the guidelines were "relied upon" or "submitted, considered, or generated" in reviewing her claim for benefits. See 29 C.F.R. § 2560.503-1(m)(8). Instead, the only evidence in the record is Mr. Suter's declaration, which states that the guidelines were not used to adjudicate Ms. Byrd's claim. Accordingly, if the

4

guidelines were not considered or used by MetLife in evaluating Ms. Byrd's claim, there is no reason for the guidelines to be produced or included in the administrative record.

Therefore, for the reasons stated above, plaintiff's Motion to Compel the Filing of the Complete ERISA record **[Doc. 22]** is **DENIED**.

**IT IS SO ORDERED.**

**ENTER:**

s/ H. Bruce Guyton
United States Magistrate Judge